CONSUMERS COAL, ETC., COMPANY, PETITIONER, v. CITY OF BAYONNE ET AL., DEFENDANTS.

Submitted January 31, 1930—Decided April 4, 1930.

Before Justices PARKER, BLACK and BODINE.

For the petitioner, *William Rubin.*

For the city of Bayonne, *James Benny.*

For the state board of taxes and assessment, *William A. Stevens,* attorney-general.

The opinion of the court was delivered by

BLACK, J. The problem for solution in this case is one of double taxation. An assessment by the state board of taxes

and assessment of the property used for railroad purposes and an assessment by the local assessors of the city of Bayonne, on the same property. The method for solving this question and the test to be applied are provided for by the Railroad Tax act of 1884 (*Pamph. L.* 1884, *p.* 142) ; as redrafted in 1888. *Pamph. L.* 1888, *p.* 285; 4 *Comp. Stat., p.* 5275, § 472. That. act provides, in case any property of any railroad or canal company in any year be assessed by the local authorities of any taxing district and is also assessed by the state board, as property used for railroad or canal purposes; the Supreme Court, or any three justices thereof, to be assigned by the Chief Justice, shall determine in a summary manner the character of the property and whether used for railroad or canal purposes, &c. Then the act further provides, section 472: "The judgment of the court shall direct the cancellation or reduction of either assessment, as the character of the property may require, and shall make such order as to the return to the taxpayer of any tax or any portion thereof, that may have been paid to the state, or to any taxing district not entitled thereto, as such court shall deem just; the payment of costs may be directed in such manner as the court may deem equitable; the said judgment shall be conclusive and final in all collateral proceedings, but may be reviewed on writ of error by the Court of Errors and Appeals."

The facts are not in dispute. They are embodied in a written agreed state of facts signed by the parties in interest, under the order to show cause granted by the Chief Justice. The property was assessed by the local assessors of the city of Bayonne, and by the state board from 1901 to 1928. The tax under each assessment has been paid. The amount of taxes paid by the petitioner to the city of Bayonne under the local assessment was $3,468.35. The petitioner asks to have this sum returned by the city of Bayonne.

The dispute arises out of a deed made by the petitioner with the Central Railroad Company, dated February 26th, 1900, which conveys the property assessed to the railroad company, not, however, in fee; but, "so long as said described premises shall be used for railroad purposes, and thereafter,"

&c. It is argued, that the railroad company did not acquire the fee in the property and had acquired only the right of possession during such time as the Consumers Coal and Ice Company elected to give it; therefore, the property was not assessable by the state board. But this position cannot be maintained in view of the decision of the Court of Errors and Appeals, *In the matter of the taxation of the Erie Railroad Company,* 65 *N. J. L.* 608, 611. In which Mr. Justice Garrison, speaking for that court, said: "The right or interest of a railroad that is deemed to be property within the meaning of this act (*i. e.,* the Railroad Tax act of 1888) may be an absolute fee or any less interest down to simple possession as of right, and to the extent of such interest and of the railroad use made of it, such company will be taxable under the provisions of this act."

That case has been the accepted law of the state on this point from that time to the present. The application of the point there decided to the facts of this case leads us, therefore, to conclude that the property was properly assessed by the state board of taxes and assessment, as property used for railroad purposes. The property so assessed consists of three strips of land. The first along the Morris Canal and Banking Company about two hundred and thirty-six and three-tenths feet; the second and third two strips twenty by ten feet each being part or ends of lots laid out on a local map, on which a main siding and trestle have been constructed by the railroad company for use in its business of delivering coal and other merchandise from its cars.

The original Railroad Tax act (*Pamph. L.* 1884, *p.* 142) provided that second class property, so called, the proceeds of which was distributed to the local communities, as distinguished from the main stem of the railroad, the proceeds of which went to the state, should be taxed at a rate not exceeding fifteen ($15) dollars on the thousand dollars of valuation, of which the state retained $5 per thousand of valuation. In 1897 (*Pamph. L.* 1897, *p.* 147) the state relinquished its right to the $5; then in (*Pamph. L.* 1905, *p.* 189, § 3), the class of property here under discussion is directed to

be assessed at the rate in each taxing district. So that under this legislation the city of Bayonne has had both taxes, and if the valuations have been the same under each system the amounts paid to the city of Bayonne have been substantially the same, hence, no injustice will be done to require the city of Bayonne to pay back to the petitioner the sum of $3,468.35, the amount calculated to be due from such local assessments. As the taxes have been paid the assessments cannot be canceled. The act above cited gives the court power to order such taxes returned as such court shall deem just, and such will be the order of the court, but owing to the long delay by the petitioner in asserting its right, it will be ordered that the sum of $3,468.35 be paid by the city of Bayonne to the petitioner without interest and without costs.